UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| G.R. by and through his legal guardian, Kelly Moore; D.H.; C.J.; and P.P., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTINE GREGOIRE, Governor of the State of Washington; SUSAN DREYFUS, Secretary of the Washington State Department of Social and Health Services; WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; ELDON VAIL, Secretary of the Washington State Department of Corrections; and WASHINGTON STATE DEPARTMENT OF CORRECTIONS, <br><br> Defendants. | NO. CV-10-0088-EFS <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** |

A hearing occurred in the above-captioned matter on August 11, 2010. David Carlson and Stacie Siebrecht appeared for Plaintiffs G.R., D.H., C.J., and P.P. Sarah Coats appeared for Defendants Governor Christine Gregoire, Washington State Department of Social and Health Services ("DSHS"), Washington State Department of Corrections ("DOC"), DSHS Secretary Susan Dreyfus, and DOC Secretary Eldon Vail. Before the Court was Defendants' opposed Motion to Dismiss (Ct. Rec. 62). After reviewing the submitted material and relevant authority and hearing from counsel,

ORDER * 1

the Court was fully informed. This Order memorializes and supplements the Court's oral ruling dismissing the lawsuit.

**A.   Background**[1]

On March 31, 2010, Governor Gregoire signed into law Engrossed Substitute Senate Bill ("ESSB") 6610, which under section 2 allows the DSHS Secretary to transfer an individual found not guilty by reason of insanity (NGRI) and who is unmanageable to a facility operated by either herself or the DOC Secretary. ESSB 6610 became effective on June 10, 2010; however, Defendants agreed not to transfer any individuals under section 2 until the Court ruled on the dismissal motion.

The four Plaintiffs in this matter are all individuals found NGRI and housed in facilities operated by the DSHS Secretary. On March 31, 2010, they filed this lawsuit, alleging that ESSB 2010 section 2 violates the Fourteenth Amendment's substantive and procedural due process protections, the Equal Protection Clause, the Fifth Amendment's Double Jeopardy prohibition, the U.S. Constitution Article I § 10's prohibition against Bills of Attainder and ex post facto punishment, the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq.* In response, Defendants filed the instant motion seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) because the Amended Complaint fails to state a claim upon which relief can be granted.

---

[1] The "background" section is based on the Amended Complaint's (Ct. Rec. 6) factual allegations. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

ORDER * 2

**B.   Rule 12(b)(1) Authority and Analysis**

Defendants maintain that the Court lacks jurisdiction over this lawsuit's subject matter because, given that no individual has been transferred pursuant to section 2, Plaintiffs' claims are not ripe and Plaintiffs lack standing.  This Court agrees.

First, as to standing, which is a threshold requirement in every federal case, Plaintiffs fail to satisfy the injury-in-fact requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-01 (1992); *Warth v. Seldin,* 422 U.S. 490, 498 (1975); *Covington v. Jefferson County,* 358 F.3d 626, 637-38 (9th Cir. 2004).  The Court recognizes that a threatened injury or an increased probability of harm is sufficient to constitute an injury in fact.  *Harris v. Bd. of Supervisors*, 366 F.3d 754, 761 (9th Cir. 2004); *see also Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 634 (7th Cir. 2007) (listing cases addressing the injury-in-fact requirement). However, at this juncture, there is merely speculation that a Plaintiff may be transferred under section 2.  Neither Plaintiffs nor others are threatened with a transfer or experiencing an increased probability of harm.  Accordingly, Plaintiffs fail to satisfy the injury-in-fact standing requirement.

Second, for similar reasons, this facial challenge is not yet ripe. Because section 2 has not yet been implemented, Plaintiffs cannot "'establish [that] no set of circumstances exists under which the Act would be valid,' i.e., that the law is unconstitutional in all of its applications."  *Wash. State Grange v. Wash. St. Republican Party*, 552 U.S. 442, 449 (2008) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).  Section 2 has a plainly legitimate sweep.  *See Wash. State*

*Grange*, 552 U.S. at 449. This plainly legitimate sweep may fail upon closer analysis after implementation but, at this juncture, the facial challenge fails. The Court finds the exercise of judicial restraint is necessary.

**C.   Conclusion**

Because the matter is not ripe and Plaintiffs have not suffered an injury in fact, this matter is dismissed pursuant to Rule 12(b)(1). As a result, the Court need not address Defendants' 12(b)(6) failure-to-state-a-claim arguments. For the reasons given above, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss **(Ct. Rec. 62)** is **GRANTED.**

2. All pending motions and hearing dates are **DENIED AS MOOT**.

3. **Judgment** is to be entered in Defendants' favor.

4. This file shall be **CLOSED**, subject to reopening upon good cause shown.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this _____13th_____ day of August 2010.

S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2010\0088.dismiss.wpd

ORDER * 4